MICHAEL S. SORGEN (CSBN 43107)
JOYCE KAWAHATA (CSBN 113159)
Law Offices of Michael S. Sorgen

240 Stockton Street, 9th Floor
San Francisco, CA 94108
Telephone: (415) 956-1360
Facsimile: (415) 956-6342
Email: msorgen@sorgen.net

Attorneys for Plaintiff

JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7155
Facsimile: (415) 436-6927
Email: neill.tseng@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BENJAMIN F. ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS M. GUTIERREZ, Secretary<br>United States Department of Commerce,<br><br>Defendant. | Case No. C 07-0305 PJH<br><br>STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT; [P~~ROPOSED~~] ORDER |

BY AND THROUGH THEIR ATTORNEYS OF RECORD, THE PARTIES AGREE TO THE FOLLOWING STIPULATION AND AGREEMENT AND [PROPOSED] ORDER:

1.   The parties do hereby agree to settle, compromise and dismiss the above-captioned action ("This Action") under the terms and conditions set forth herein.

Stipulation and Agreement for Compromise and Settlement
C 07-0305 PJH                                    -1-

2. Subject only to the exceptions listed in paragraph 3 below, the defendant agrees to provide a neutral reference to all persons, agencies, organizations, and entities who request or demand records or information regarding the plaintiff's employment history or employment record at the United States Department of Commerce. By "neutral reference," the parties mean and intend that the defendant shall provide no information other than the plaintiff's job title(s) and dates of employment.

3. The parties agree that the defendant is not limited to providing, and is not required to provide, a "neutral reference," as that term is defined in paragraph 2 above:

(a) to any federal government agency that may request or demand records or information from the defendant regarding the plaintiff's employment history or employment record at the United States Department of Commerce in connection with any application for employment by the plaintiff with such federal government agency; or

(b) to any law enforcement agency (whether at the federal, state, county, local, municipal, or other level of government) that may request or demand records or information from the defendant regarding the plaintiff's employment history or employment record at the United States Department of Commerce in connection with any application for employment by the plaintiff with such law enforcement agency; or

(c) in response to any request or demand for records or information regarding the plaintiff's employment history or employment record at the United States Department of Commerce if such request or demand is made pursuant to any criminal investigation or criminal proceeding involving the plaintiff; or

(d) in response to any order entered by a court of competent jurisdiction requesting or demanding the production of records or information regarding the plaintiff's employment history or employment record at the United States Department of Commerce.

The parties agree that the defendant may provide any and all information regarding or relating to the plaintiff's employment with the United States Department of Commerce, including but not limited to the facts and circumstances of the plaintiff's termination from the United States Department of Commerce, only in those exceptional situations specified in (a) - (d)

above.

4. The parties agree that if the criminal prosecution in the Northern District of California styled <u>United States of America v. Benjamin Robinson</u>, CR-07-0596 JF, is dismissed or otherwise finally resolved in favor of Mr. Benjamin F. Robinson, then the defendant: (a) shall, within twenty-one (21) calendar days of any such dismissal or entry of judgment finally resolving the criminal prosecution in favor of Mr. Benjamin F. Robinson, purge and delete from the plaintiff's personnel file any and all references to the plaintiff's termination from the defendant's employment; and (b) shall, within thirty (30) calendar days of any such dismissal or entry of judgment finally resolving the criminal prosecution in favor of Mr. Benjamin F. Robinson, modify the plaintiff's personnel file to state and indicate that the plaintiff resigned from the defendant's employment and then provide the neutral reference pursuant to paragraph 2 but no longer subject to the exceptions listed in paragraph 3; and (c) shall, within five (5) years of any such dismissal or entry of judgment finally resolving the criminal prosecution in favor of Mr. Benjamin F. Robinson, purge and delete from the plaintiff's personnel file any and all allegations regarding or relating to (i) the plaintiff's alleged use of a government vehicle for other than official purposes, (ii) the plaintiff's alleged failure to follow proper procedures regarding firearms, (iii) the plaintiff's alleged unauthorized use of government databases, (iv) the plaintiff's alleged improper disclosure of sensitive information, and (v) the plaintiff's alleged conduct unbecoming a Federal Law enforcement officer.

5. In consideration of the terms of this Stipulation and Agreement, the plaintiff hereby agrees to dismiss with prejudice all claims asserted in This Action, which is styled <u>Benjamin F. Robinson v. Carlos M. Gutierrez, Secretary, United States Department of Commerce</u>, C 07-0305 PJH, and all claims that could have been asserted in This Action, with the sole exception of the claim(s) contained in the administrative Claim for Damage, Injury, or Death submitted by Mr. Benjamin Robinson to the United States Department of Commerce dated October 9, 2007, in the amount of $950,000.

6. The parties agree that the filing of this executed Stipulation and Agreement shall notify the Court of the parties' agreement to vacate all pending discovery, motion hearing dates,

pretrial deadlines and any other case management date associated with this litigation.

7. In consideration of the terms set forth in this Stipulation and Agreement, the plaintiff hereby releases and forever discharges the defendant and any and all of its past and present officials, employees, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, causes of actions, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown, foreseen, or unforeseen injuries, and the consequences thereof, resulting from the facts, circumstances and subject matter that gave rise to This Action, with the sole exception of the claim(s) contained in the administrative Claim for Damage, Injury, or Death submitted by Mr. Benjamin Robinson to the United States Department of Commerce dated October 9, 2007, in the amount of $950,000.

8. The provisions of California Civil Code Section 1542 are set forth below:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The plaintiff having been apprised of the statutory language of Civil Code Section 1542 by his attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute or pursuant to any similar provision of federal law. The plaintiff understands that if the facts concerning the plaintiff's claimed injury and the liability of the defendant, or her agents, servants, or employees, for damages pertaining thereto are found hereafter to be other than or different from the facts now believed to be true, this agreement shall be and remain effective notwithstanding such material difference.

9. The parties acknowledge that neither this Stipulation and Agreement nor anything contained herein shall constitute an admission of liability or fault on the part of the defendant or his agents, servants, or employees. This agreement is entered into by the parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

10. This Stipulation and Agreement may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action,

involving any person or party which arises out of the claims released and discharged by this Stipulation and Agreement.

11. The parties agree that the District Court shall retain jurisdiction over this matter for the purpose of resolving any dispute alleging a breach of this Stipulation and Agreement.

12. Each party acknowledges that he has been represented by and has relied upon independent counsel in negotiating, preparing and entering into this Stipulation and Agreement and that he has had the contents of this Stipulation and Agreement fully explained by counsel and that he is fully aware of and understands all of the terms of this Stipulation and Agreement and the legal consequences thereof. It is further acknowledged that the parties have mutually participated in the drafting of this Stipulation and Agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this Stipulation and Agreement.

13. If any provision of this Stipulation and Agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely, knowingly, and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

SO STIPULATED.

//
//
//
//
//
//
//

Stipulation and Agreement for Compromise and Settlement
C 07-0305 PJH                                -5-

| | | |
|---|---|---|
| DATED: 5/27/08 | | *signature* BENJAMIN F. ROBINSON Plaintiff |
| DATED: May 28 2008 | LAW OFFICES OF MICHAEL S. SORGEN | *signature* MICHAEL S. SORGEN Attorney for Plaintiff |
| DATED: 6/20/08 | | *signature* KEVIN DELLI-COLLI Director, Office of Export Enforcement United States Department of Commerce |
| DATED: 6/20/08 | | JOSEPH P. RUSSONIELLO United States Attorney *signature* NEILL T. TSENG Assistant United States Attorney Attorneys for Defendant |

PURSUANT TO THE ABOVE STIPULATION AND AGREEMENT, APPROVED AND SO ORDERED:

Dated: 6/23/08

PHYLLIS J. HAMILTON

**IT IS SO ORDERED**
*signature*
Judge Phyllis J. Hamilton

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Stipulation and Agreement for Compromise and Settlement
C 07-0305 PJH  -6-